UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
              Plaintiff    )
                           )   Cr.# 04-10046-RGS
      v.                   )
                           )
ANGEL GONZALEZ             )
              Defendant    )
_____     )
```

**MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)2**

COMES NOW ANGEL GONZALEZ, by and through his attorney of record and hereby moves this Honorable Court, in conformance with the retroactive amendments to the United States Sentencing Guidelines concerning crack cocaine, to re-sentence Mr. Gonzalez in accordance with said amendments and 18 U.S.C. § 3553(a).

Mr. GONZALEZ was convicted of a conspiracy to distribute cocaine base and distribution of cocaine and cocaine base. He was sentenced on July 21, 2005[1] to a term of imprisonment of **70 months** and five years of supervised released based on a United States Sentencing Guideline calculation then in effect, which calculation was Level 23, criminal history IV. Based on the amounts involved, Mr. GONZALEZ faced a mandatory minimum sentence of five years. At the time of sentencing, Mr. GONZALEZ had already spent approximately 16 and a half months

---

[1] Judgement entered on July 25, 2005

1

in custody.  He is now scheduled to be released on March 24, 2009 according to the Bureau of Prisons website.

This past year the United States Sentencing Commission lowered the Guidelines on crack cocaine two levels, Amendment 704, effective November 1, 2007, indicating that "the problems associated with the 100-1 drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure {prior to necessary Congressional action] to alleviate some of these problems."  On December 11, 2007 the Commission made those changes retroactive as of March 3, 2008.

Given the Guideline changes, Mr. GONZALEZ's new calculations would be level 21, with a sentencing range of 51-63 months.  Assuming imposition of a sentence of the mandatory minimum of 60 months, the resulting time expected to be served would be approximately 52 months with good time credit under 18 U.S.C. § 3624(b).[2]  If this Honorable Court would impose the minimum sentence, after consideration of all 18 U.S.C. § 3553(a) factors, Mr. GONZALEZ would complete his sentence by May 2008.

**RECOMMENDED SENTENCE**

Mr. GONZALEZ respectfully requests this Honorable Court to modify the sentence, without the necessity of a hearing, and impose the mandatory minimum term of **60 months and four years**

---

Although said provision requires 54 days per year to be credited for satisfactory behavior, the manner in which the BOP credits said behavior results in a credit of approximately 50 days per year.

2

**of supervised release.** Such a sentence would be a sentence that is sufficient but no more than necessary to carry out the provisions of 18 U.S.C. § 3553(a).

Date: February 27, 2008          Respectfully submitted,

                                 BOURBEAU & BONILLA, LLP

                                 S/ *Michael C. Bourbeau*
                                 MICHAEL C. BOURBEAU, BBO 545908

                                 Attorney for Defendant
                                 ANGEL GONZALEZ
                                 77 Central Street, 2nd floor
                                 Boston, MA 02109
                                 (617) 350-6565

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.
                           /s/ *Michael C. Bourbeau*