```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )
                              )   CR. NO. 04-10046-RGS
1. ANGEL GONZALEZ,            )
     AKA "KING A-SHOT"        )
                              )
```

MOTION OF THE UNITED STATES REGARDING DEFENDANT'S MOTION
TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

On February 27, 2008, the defendant filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582 ("Deft's Motion"). The defendant was originally sentenced to 70 months imprisonment. His guideline sentencing range was 70-87 months based on a TOL of 23 and a CHC of IV. In his motion, the defendant argued that, "[g]iven the Guideline changes, Mr. Gonzalez's new calculations would be level 21, with a sentencing range of 51-63 months." Deft's Motion at 2.

On March 17, 2008, the parties filed a joint status report requesting that, in light of his new guideline range, the defendant's sentence be reduced to the mandatory minimum of 60 months. On March 19, 2008, the Court issued an Order reducing the defendant's sentence to 60 months. In its Order, the Court, based on the parties joint status report, calculated an "Amended Offense Level" of 21 and an "Amended Guideline Range" of 57-71 months.

On March 21, 2008, the government was advised by Probation Officer Iris Golus of the United States Probation Office that,

because this case involved both crack cocaine and powder cocaine, the defendant's sentence was unaffected by the changes to the crack guidelines and there was actually no change in the defendant's guideline range.  That is, the defendant's TOL remained 23 and his guideline sentencing range remained as originally calculated, 70-87 months.

Since the reduction in defendant's sentence was based on the mistaken belief (by both parties and the Court), that the defendant's guideline range was reduced by the changes to the crack guidelines, and since, in fact, his guideline range was not reduced, the government requests that the Court re-instate the original sentence of 70 months.

The government has consulted with Michael Bourbeau, counsel for the defendant.  It is the government's understanding that, notwithstanding the new information, the defendant wishes to argue for a reduced sentence.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN,
                            United States Attorneys,

        By:     /s PETER K. LEVITT
                PETER K. LEVITT
                Assistant U.S. Attorney
                One Courthouse Way
                Boston, MA
                (617) 748-3355

March 24, 2008